IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTER DIVISION

| | |
|---|---|
| GROENEVELD TRANSPORT EFFICIENCY, INC., 1130 Industrial Parkway North Brunswick, OH 44212, <br><br> -and- <br><br> GROENEVELD ATLANTIC SOUTH, INC., 7820 Professional Place, Suite #6 Tampa, FL 33637, <br><br> -and- <br><br> GROENEVELD PACIFIC WEST, INC., 1089 Valentine Avenue, S.E. Pacific, WA 98047, <br><br> Plaintiffs, <br><br> v. <br><br> JAN EISSES, 7053 Twiss Road Campbellville, ON L0P 1B0 Canada, <br><br> Defendant. | CASE NO. _____ <br><br> JUDGE _____ <br><br> **COMPLAINT** <br><br> (***Jury Demand Endorsed Hereon***) |

For their Complaint against Defendant Jan Eisses ("Defendant"), Plaintiffs Groeneveld Transport Efficiency, Inc. ("Groeneveld Transport"), Groeneveld Atlantic South, Inc. ("Groeneveld Atlantic"), and Groeneveld Pacific West, Inc. ("Groeneveld Pacific") (collectively, the "Groeneveld U.S. Companies") state as follows:

**PARTIES**

1.     Groeneveld Transport is an Ohio corporation with its principal place of business located at 1130 Industrial Parkway North, Brunswick, Ohio.

2.     Groeneveld Atlantic is an Ohio corporation with its principal place of business located at 7820 Professional Place, Suite #6, Tampa, Florida.

3.     Groeneveld Pacific is an Ohio corporation with its principal place of business at 1089 Valentine Avenue, S.E., Pacific, Washington.

4.     On information and belief, Defendant is an individual and resident of Ontario, Canada, and lives at 7053 Twiss Road, Campbellville, Ontario.

**JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as complete diversity of citizenship exists between the Groeneveld U.S. Companies and Defendant and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6.     This Court has personal jurisdiction over Defendant pursuant to the Ohio Long-Arm Statute, Ohio Rev. Code § 2307.382 on the basis, among other things, that during the relevant time period (from about June 2004 through January 2007) Defendant often traveled to and transacted business in this state, contracted to supply services and goods in this state, and caused injury within this state to entities that are residents of this state including the Groeneveld U.S. Companies.

7.     This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## FACTS

8. Groeneveld Transport Efficiency International Holding B.V. ("Groeneveld") is incorporated in the Netherlands and is in the business of developing, manufacturing, and distributing automatic lubrication systems for use in semi-trucks and other over-the-road applications, as well as for use in off-road machinery (*e.g.*, construction and mining equipment).

9. Groeneveld distributes its products worldwide through a network of subsidiaries located throughout Europe and North America, including Ohio.

10. The Groeneveld U.S. Companies are Groeneveld's wholly owned subsidiaries and distribute Groeneveld products in the United States, including Ohio.

11. In or about 2003, Defendant became an appointed officer of each of the Groeneveld U.S. Companies, and shortly thereafter an elected director and officer, responsible for operating them, and for managing and overseeing their operations, in the best interests of those companies and in accordance with Groeneveld's business objectives and directives.

12. On or about January 28, 2007, Defendant resigned from the offices that he held with the Groeneveld U.S. Companies.

### Defendant's Breaches of Duties Owed to All of the Groeneveld U.S. Companies

13. While he was a director and/or officer of all of the Groeneveld U.S. Companies, Defendant failed to properly operate, manage, and oversee the Groeneveld U.S. Companies, he failed to structure their businesses in accordance with company policy, and in accordance with his agreed upon authority.

14. Instead, Defendant performed the duties he owed the Groeneveld U.S. Companies in a bad faith manner that he did not believe to be in the best interests of the company, and he failed to

take the care that an ordinarily prudent person in a like position would use under similar circumstances in at least the following respects:

    a. Defendant committed, and/or acquiesced in the commitment of, the Groeneveld U.S. Companies to significant business decisions knowing that those decisions would negatively impact the Groeneveld U.S. Companies;

    b. Defendant failed and refused to develop OEM customers for the Groeneveld U.S. Companies, contrary to the interests of those companies, because such sales would not have resulted in any personal financial benefit to Defendant;

    c. Defendant granted numerous distributors exclusive rights to distribute Groeneveld U.S. Companies' products in the U.S. market without requiring the minimum adequate sales requirements in amounts consistent with company policy; and

    d. Contrary to the established and required Groeneveld business model, Defendant created a centralized management system in North America, applicable to the Groeneveld U.S. Companies, to further his management control, eliminate checks and balances and to maximize his own economic interests contrary to Groeneveld's interests.

15. As a result of Defendant's bad faith, and abuse of discretion, the Groeneveld U.S. Companies experienced significant financial losses, increasing and uncontrolled expenses, and below-target and decreasing sales.

16. The Groeneveld U.S. Companies would have had significant additional sales, in an amount believed to be in excess of $3 million, but for Defendant's misconduct.

**Defendant's Additional Breaches of Duties Owed to Groeneveld Atlantic**

17. While he was a director and/or officer of Groeneveld Atlantic, Defendant failed to properly operate, manage, and oversee the company; and he failed to structure its businesses in accordance with company policy, and in accordance with his agreed upon authority.

18. Instead, Defendant performed the duties he owed Groeneveld Atlantic in a bad faith manner that he did not believe to be in the best interests of the company, and failed to take the care that an ordinarily prudent person in a like position would use under similar circumstances in at least the following respects:

    a. Defendant failed to cause Groeneveld Atlantic to collect unpaid Groeneveld Atlantic accounts;

    b. Defendant permitted his subordinates to engage in self-dealing including, but not limited to:

- Defendant, without authority to do so, caused Groeneveld Atlantic to enter into installation agreements with entities owned by his subordinates on terms that he knew were unfavorable to Groeneveld Atlantic

- Explicitly and/or implicitly authorized a subordinate to divert business opportunities to an entity owned by the subordinate's family, depriving Groeneveld of those business opportunities

- Explicitly and/or implicitly allowing his subordinate to use the Groeneveld U.S. Companies' technicians to perform "no-charge" repairs to correct faulty work by the third party

- Explicitly and/or implicitly authorizing his subordinate to cause Groeneveld Atlantic to pay for the third parties' tools

- Explicitly and/or implicitly authorizing his subordinate to cause Groeneveld Atlantic to overpay the third party

- Explicitly and/or implicitly authorizing his subordinate to cause Groeneveld Atlantic to pay the third party for work never performed by it and for work actually performed by Groeneveld Atlantic

- Explicitly and/or implicitly authorizing his subordinate to fraudulently direct Groeneveld Atlantic's bookkeeper, to change the totals on physical count sheets to falsify and cover-up inventory and billing improprieties

- Explicitly and/or implicitly authorizing his subordinate to charge expenses to Groeneveld Atlantic for travel and other items of the third party's business

- Explicitly and/or implicitly authorizing his subordinate to work at the third party during the day during periods he was being paid by Groeneveld Atlantic and supposed to be working on Groeneveld Atlantic's business

- Explicitly and/or implicitly authorizing his subordinate and his spouse to use Groeneveld Atlantic's company credit card to charge personal meals;

c. Defendant failed to implement proper company controls which resulted in:

- Lost/stolen inventory

- Improper invoicing

- Lost sales opportunities

- The need for Groeneveld Atlantic to repair faulty installation work;

d. Contrary to the recommendations of established managers, Defendant refused to terminate dishonest company employees, refused to end inside sweetheart deals, and engaged in self-dealing by granting further sweetheart inside deals without authority to do so in order to further his own economic interests to the detriment of Groeneveld.

19. Groeneveld Atlantic suffered damages in excess of $830,000 as a direct and proximate result of Defendant's failure to exercise the required duty of care, duty of loyalty, and fiduciary duties he owed to the company as a director and officer, and his waste of company assets.

**Defendant's Breaches of Duties Owed to Groeneveld Transport**

20. While a director and/or officer of Groeneveld Transport, Defendant wasted and mismanaged Groeneveld Transport's assets by failing to supervise Groeneveld Transport's operations in a proper manner, failing to institute proper inventory and accounting control mechanisms and tracking procedures, and failing to promptly and properly investigate and respond to inventory shortages when discrepancies arose, which constitutes a bad faith neglect of duty.

21. As a direct and proximate result of Defendant's failure to exercise the required duty of care, duty of loyalty, and fiduciary duties he owed to Groeneveld Transport, Groeneveld Transport suffered damages in excess of $500,000 because of lost/stolen inventory.

## **COUNT ONE**

22. The Groeneveld U.S. Companies incorporate Paragraphs 1 through 21 of their Complaint as if fully set forth in this paragraph.

23. Pursuant to Ohio Rev. Code § 1701.59(B), as a director and officer of Groeneveld Atlantic, Defendant was required to perform his duties to the company in good faith, in a manner that he believed to be in, or not opposed to, the best interest of the company, and with the care that an ordinarily prudent person in a like position would use under similar circumstances.

24. Defendant breached the duties he owed to Groeneveld Atlantic as a director and/or officer in at least the following respects:

   a. Defendant caused Groeneveld Atlantic to grant exclusive rights to distribute product in the U.S. market to distributors without requiring minimum adequate sales requirements, and on terms that were contrary to the authorized form of agreement, to obtain bonuses to further his own personal financial benefit despite the fact that he knew this would cause Groeneveld Atlantic to suffer significant financial losses, increasing and uncontrolled expenses, and below-target and decreasing sales

   b. Defendant refused to develop OEM customers for Groeneveld Atlantic because such sales would not have resulted in personal financial benefit for Defendant, which he knew would cause Groeneveld Atlantic significant financial losses and below-target and decreasing sales;

   c. Defendant failed properly to report, investigate, and/or remedy control issues that plagued Groeneveld Atlantic including:

      - Lost/stolen Groeneveld Atlantic inventory
      - Unpaid accounts due Groeneveld Atlantic
      - Faulty installation work performed by Groeneveld Atlantic

- Lost Groeneveld Atlantic sales opportunities
- Improper invoicing performed by Groeneveld Atlantic

d. Defendant engaged in, and permitted subordinates to engage in, improper self-dealing and corporate waste as more fully set forth in ¶ 17, *supra*, which significantly damaged Groeneveld Atlantic and caused the company to incur unnecessary expenses, costs, and legal fees; and

e. Defendant failed to terminate dishonest Groeneveld Atlantic employees despite the fact that this caused Groeneveld Atlantic to suffer significant financial losses, increasing and uncontrolled expenses, and below-target and decreasing sales;

f. Defendant failed to end inside sweetheart deals despite the fact that this caused Groeneveld Atlantic to suffer significant financial losses and increasing and uncontrolled expenses;

g. Defendant granted further inside sweetheart deals despite the fact that this caused Groeneveld Atlantic to suffer significant financial losses and increasing and uncontrolled expenses;

h. Defendant created a centralized management system within Groeneveld Atlantic to further his self-dealing schemes and eliminate checks and balances that Groeneveld desired by requiring a de-centralized management system.

25. Defendant's breaches of the duties of loyalty and care he owned Groeneveld Atlantic pursuant to Ohio Rev. Code § 1701.59(B) directly and proximately damaged Groeneveld Atlantic in an amount to be proven at trial, but believed to be in excess of $3.84 million.

26. Defendant's actions and omissions were undertaken in bad faith, with malice, and with deliberate disregard for the interests of Groeneveld Atlantic entitling it to an award of punitive damages.

### COUNT TWO

27. The Groeneveld U.S. Companies incorporate Paragraphs 22 through 26 of their Complaint as if fully set forth in this paragraph.

28. Pursuant to Ohio Rev. Code § 1701.59(B), as a director and officer of Groeneveld Transport, Defendant was required to perform his duties to the company in good faith, in a manner

that he believes to be in, or not opposed to, the best interest of the corporation, and with the care that an ordinarily prudent person in a like position would use under similar circumstances.

29. Defendant breached the duties he owed to Groeneveld Transport as a director and/or officer in at least the following respects:

    a. Defendant caused Groeneveld Transport to grant exclusive rights to distribute product in the U.S. market to distributors without requiring minimum adequate sales requirements, and on terms that were contrary to the authorized form of agreement, to obtain bonuses to further his own personal financial benefit despite the fact that he knew this would cause Groeneveld Transport to suffer significant financial losses, increasing and uncontrolled expenses, and below-target and decreasing sales;

    b. Defendant refused to develop OEM customers for Groeneveld Transport because such sales would not have resulted in personal financial benefit for Defendant, which he knew would cause Groeneveld Transport significant financial losses and below-target and decreasing sales;

    c. Defendant failed to properly report, investigate, and/or remedy control issues that plagued Groeneveld Transport including a significant amount of lost/stolen Groeneveld Transport inventory and Defendant failed to implement proper inventory and accounting control mechanisms and tracking procedures;

    d. Defendant engaged in, and permitted subordinates to engage in, improper self-dealing and corporate waste; and

    e. Defendant created a centralized management system to further his own economic self-interest and, contrary to the interests and policies of the company, eliminated business development and services opportunities and internal checks and balances.

30. Defendant's breaches of the duties of loyalty and care he owed Groeneveld Transport pursuant to Ohio Rev. Code § 1701.59(B) directly and proximately damaged Groeneveld Transport in an amount to be proven at trial, but believed to be in excess of $3.5 million.

31. Defendant's actions and omissions were undertaken in bad faith, with malice, and with deliberate disregard for the interests of Groeneveld Transport entitling it to an award of punitive damages.

## COUNT THREE

32. The Groeneveld U.S. Companies incorporate Paragraphs 27 through 31 of their Complaint as if fully set forth in this paragraph.

33. Pursuant to Ohio Rev. Code § 1701.59(B), as a director and officer of Groeneveld Pacific, Defendant was required to perform his duties to Groeneveld Pacific in good faith, in a manner that he believes to be in, or not opposed to, the best interest of the corporation, and with the care that an ordinarily prudent person in a like position would use under similar circumstances.

34. Defendant breached the duties he owed to Groeneveld Pacific as a director and/or officer in at least the following respects:

    a. Defendant caused Groeneveld Pacific to grant exclusive rights to distribute product in the U.S. market to distributors without requiring minimum adequate sales requirements, and on terms that were contrary to the authorized form of agreement, to obtain bonuses to further his own personal financial benefit despite the fact that he knew this would cause Groeneveld Pacific to suffer significant financial losses, increasing and uncontrolled expenses, and below-target and decreasing sales;

    b. Defendant refused to develop OEM customers for Groeneveld Pacific because such sales would not have resulted in personal financial benefit for Defendant, which he knew would cause Groeneveld Pacific significant financial losses and below-target and decreasing sales;

    c. Without authority to do so, Defendant caused Groeneveld Pacific to enter into a contract with a Utah distributor on terms other than those approved by Groeneveld Pacific, which has interfered with Groeneveld Pacific's ability to expand its distribution network on adequate terms;

    d. Defendant engaged in, and permitted subordinates to engage in, improper self-dealing and corporate waste; and

    e. Defendant created a centralized management system to further his own economic self-interest and, contrary to the interests and policies of the company, eliminated business development and services opportunities and internal checks and balances.

35. Defendant's breaches of the duties of loyalty and care he owed to Groeneveld Pacific pursuant to Ohio Rev. Code § 1701.59(B) directly and proximately damaged Groeneveld Pacific in an amount to be proven at trial, but believed to be in excess of $3 million.

36. Defendant's actions and omissions were undertaken in bad faith, with malice, and with deliberate disregard for the interests of Groeneveld Pacific entitling it to an award of punitive damages.

## COUNT FOUR

37. The Groeneveld U.S. Companies incorporate Paragraphs 32 through 36 of their Complaint as if fully set forth in this paragraph.

38. As a director and officer of Groeneveld Atlantic, Defendant owed fiduciary duties to the company to act in good faith and primarily for the benefit of the company in matters related to his employment.

39. Defendant breached his fiduciary duties owed to Groeneveld Atlantic in at least the following respects:

   a. Defendant caused Groeneveld Atlantic to grant exclusive rights to distribute product in the U.S. market to distributors without requiring minimum adequate sales requirements, and on terms that were contrary to the authorized form of agreement, to obtain bonuses to further his own personal financial benefit despite the fact that he knew this would cause Groeneveld Atlantic to suffer significant financial losses, increasing and uncontrolled expenses, and below-target and decreasing sales;

   b. Defendant refused to develop OEM customers for Groeneveld Atlantic because such sales would not have resulted in personal financial benefit for Defendant, which he knew would cause Groeneveld Atlantic significant financial losses and below-target and decreasing sales;

   c. Defendant failed to properly report, investigate, and/or remedy control issues that plagued Groeneveld Atlantic including:

      - Lost/stolen Groeneveld Atlantic inventory

- Unpaid accounts due Groeneveld Atlantic
- Faulty installation work performed by Groeneveld Atlantic
- Lost Groeneveld Atlantic sales opportunities
- Improper invoicing performed by Groeneveld Atlantic;

d. Defendant failed to terminate dishonest Groeneveld Atlantic employees despite the fact that this caused Groeneveld Atlantic to suffer significant financial losses, increasing and uncontrolled expenses, and below-target and decreasing sales;

e. Defendant failed to end inside sweetheart deals despite the fact that this caused Groeneveld Atlantic to suffer significant financial losses and increasing and uncontrolled expenses;

f. Defendant granted further inside sweetheart deals despite the fact that this caused Groeneveld Atlantic to suffer significant financial losses and increasing and uncontrolled expenses;

g. Defendant engaged in, and permitted subordinates to engage in, improper self-dealing and corporate waste; and

h. Defendant created a centralized management system to further his own economic self-interest and, contrary to the interests and policies of the company, eliminated business development and services opportunities and internal checks and balances.

40. Defendant's breaches of his fiduciary duties owed to Groeneveld Atlantic directly and proximately damaged it in an amount to be proven at trial, but believed to be in excess of $3.84 million.

41. Defendant's breaches of his fiduciary duties were done in bad faith, with malice, and with deliberate disregard for the interests of Groeneveld Atlantic entitling it to an award of punitive damages.

## COUNT FIVE

42. The Groeneveld U.S. Companies incorporate Paragraphs 37 through 41 of their Complaint as if fully set forth in this paragraph.

43. As a director and officer of Groeneveld Transport, Defendant owed fiduciary duties to Groeneveld Transport to act in good faith and primarily for the benefit of the company in matters related to his employment.

44. Defendant breached his fiduciary duties owed to Groeneveld Transport in at least the following respects:

   a. Defendant caused Groeneveld Transport to grant exclusive rights to distribute product in the U.S. market to distributors without requiring minimum adequate sales requirements, and on terms that were contrary to the authorized form of agreement, to obtain bonuses to further his own personal financial benefit despite the fact that he knew this would cause Groeneveld Pacific to suffer significant financial losses, increasing and uncontrolled expenses, and below-target and decreasing sales;

   b. Defendant refused to develop OEM customers for Groeneveld Transport because such sales would not have resulted in personal financial benefit for Defendant, which he knew would cause Groeneveld Transport significant financial losses and below-target and decreasing sales;

   c. Defendant failed properly to report, investigate, and/or remedy control issues that plagued Groeneveld Transport including a significant amount of lost/stolen Groeneveld Transport inventory and Defendant failed to implement proper inventory and accounting control mechanisms and tracking procedures;

   d. Defendant engaged in, and permitted subordinates to engage in, improper self-dealing and corporate waste; and

   e. Defendant created a centralized management system to further his own economic self-interest and, contrary to the interests and policies of the company, eliminated business development and services opportunities and internal checks and balances.

45. Defendant's breaches of his fiduciary duties owed to Groeneveld Transport directly and proximately damaged it in an amount to be proven at trial, but believed to be in excess of $3.5 million.

46. Defendant's breaches of his fiduciary duties were done in bad faith, with malice, and with deliberate disregard for the interests of Groeneveld Transport entitling it to an award of punitive damages.

## COUNT SIX

47. The Groeneveld U.S. Companies incorporate Paragraphs 42 through 46 of their Complaint as if fully set forth in this paragraph.

48. As a director and officer of Groeneveld Pacific, Defendant owed fiduciary duties to the company to act in good faith and primarily for the benefit of the company in matters related to his employment.

49. Defendant breached his fiduciary duties owed to Groeneveld Pacific in at least the following respects:

   a. Defendant caused Groeneveld Pacific to grant exclusive rights to distribute product in the U.S. market to distributors without requiring minimum adequate sales requirements, and on terms that were contrary to the authorized form of agreement, to obtain bonuses to further his own personal financial benefit despite the fact that he knew this would cause Groeneveld Pacific to suffer significant financial losses, increasing and uncontrolled expenses, and below-target and decreasing sales;

   b. Defendant refused to develop OEM customers for Groeneveld Pacific because such sales would not have resulted in personal financial benefit for Defendant, which caused Groeneveld Pacific significant financial losses and below-target and decreasing sales;

   c. Without authority to do so, Defendant caused Groeneveld Pacific to enter into a contract with a Utah distributor on terms other than those approved by Groeneveld Pacific, which has interfered with Groeneveld Pacific's ability to expand its distribution network on adequate terms;

   d. Defendant engaged in, and permitted subordinates to engage in, improper self-dealing and corporate waste; and

   e. Defendant created a centralized management system to further his own economic self-interest and, contrary to the interests and policies of the company, eliminated business development and services opportunities and internal checks and balances.

50. Defendant's breaches of his fiduciary duties owed to Groeneveld Pacific directly and proximately damaged it in an amount to be proven at trial, but believed to be in excess of $3 million.

51. Defendant's breaches of his fiduciary duties were done in bad faith, with malice, and with deliberate disregard for the interests of Groeneveld Pacific entitling it to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Groeneveld U.S. Companies respectfully request that this Court enter judgment in their favor and against Defendant as follows:

(A) On Count One, for an award of compensatory damages to Groeneveld Atlantic in an amount to be proven at trial, but believed to be in excess of $3.84 million, together with pre and post-judgment interest, punitive damages, attorneys' fees, costs, and expenses of collection;

(B) On Count Two, for an award of compensatory damages to Groeneveld Transport in an amount to be proven at trial, but believed to be in excess of $3.5 million, together with pre and post-judgment interest, punitive damages, attorneys' fees, costs, and expenses of collection;

(C) On Count Three, for an award of compensatory damages to Groeneveld Pacific in an amount to be proven at trial, but believed to be in excess of $3 million, together with pre and post-judgment interest, punitive damages, attorneys' fees, costs, and expenses of collection;

(D) On Count Four, for an award of compensatory damages to Groeneveld Atlantic in an amount to be proven at trial, but believed to be in excess of $3.84 million, together with pre and post-judgment interest, punitive damages, attorneys' fees, costs, and expenses of collection;

(E) On Count Five, for an award of compensatory damages to Groeneveld Transport in an amount to be proven at trial, but believed to be in excess of $3.5 million, together with pre and post-judgment interest, punitive damages, attorneys' fees, costs, and expenses of collection;

 (F) On Count Six for an award of compensatory damages to Groeneveld Pacific in an amount to be proven at trial, but believed to be in excess of $3 million, together with pre and post-judgment interest, punitive damages, attorneys' fees, costs, and expenses of collection;

 (G) For such further and other relief as the Court may deem appropriate.

Respectfully submitted,

/s/ Drew A. Carson
JAY R. FAEGES (0055492)
DREW A. CARSON (0037641)
DAVID A. KUNSELMAN (0073980)
GOODMAN WEISS MILLER LLP
100 Erieview Plaza, 27th Floor
Cleveland, OH 44114-1882
(ph.) 216-696-3366 • (fax) 216-363-5835
faeges@goodmanweissmiller.com
carson@goodmanweissmiller.com
kunselman@goodmanweissmiller.com

**Counsel for Plaintiffs**
***Groeneveld Transport Efficiency, Inc.,***
***Groeneveld Pacific West, Inc.,***
***and Groeneveld Atlantic South, Inc.***

## JURY DEMAND

The Groeneveld U.S. Companies hereby demand trial by jury on all issues so triable.

Respectfully submitted,

　/s/ Drew A. Carson　
JAY R. FAEGES (0055492)
DREW A. CARSON (0037641)
DAVID A. KUNSELMAN (0073980)
GOODMAN WEISS MILLER LLP
100 Erieview Plaza, 27th Floor
Cleveland, OH 44114-1882
(ph.) 216-696-3366 • (fax) 216-363-5835
faeges@goodmanweissmiller.com
carson@goodmanweissmiller.com
kunselman@goodmanweissmiller.com

**Counsel for Plaintiffs**
***Groeneveld Transport Efficiency, Inc.,***
***Groeneveld Pacific West, Inc.,***
***and Groeneveld Atlantic South, Inc.***