# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

GROENEVELD TRANSPORT
EFFICIENCY, INC., *et al.*

            Plaintiffs,

v.

JAN EISSES .,

            Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 1:07-cv-1298

JUDGE DONALD C. NUGENT

**DECLARATION OF**
**JAN EISSES**

Jan Eisses, for his declaration pursuant to 28 U.S.C. § 1746, states:

    1.    I am a Canadian citizen residing in Campbellville, Ontario. At all relevant times to this lawsuit, my business address was 7065 Twiss Road, Campbellville, Ontario, LOP IB0. I have personal knowledge of the matters set forth in this Declaration.

    2.    I founded CPL Systems Canada, Inc. (at the time known as Canadian Precision Lubrication Systems, Inc.) in 1988. The company was fully owned by me and my family through my holding companies until 2001.

    3.    In 2001, I sold 80% of the shares of CPL Systems Canada, Inc. to Groeneveld Transport Efficiency International Holding B.V. ("Groeneveld"). In 2004, I sold the remaining 20% of the shares of CPL Systems Canada, Inc. to Groeneveld, and it became a wholly owned subsidiary of Groeneveld.

    4.    I was employed by CPL Systems Canada, Inc., as a wholly owned subsidiary of Groeneveld, from 2004 until January of 2007. I conducted my operations of the company from Ontario, Canada, and documents concerning my business decisions and

management of both CPL Systems Canada, Inc. and Groeneveld's US Subsidiaries are located in Ontario, Canada.

     5.    The purpose of CPL Systems Canada, Inc. is to act as the Canadian Groeneveld subsidiary, distributing (sales, service installation) automatic greasing systems and parts made by Groeneveld and its subsidiaries. The company also resells other purchased and supplied items from non-Groeneveld suppliers.

     6.    On November 14, 2006, Groeneveld's executive team asked for a drastic change in direction of CPL Systems Canada, Inc. and Groeneveld's US subsidiaries that, in my judgment, would negatively impact the long-term performance of the US Subsidiaries under my management and which included a number of unwise financial targets. Specifically, Groeneveld instructed me to reduce payroll costs, which would have required me to fire a number of key senior employees. In my judgment, this would have resulted in a substantial reduction in technical support, training, sales support, and overall business support to the many new service dealers, distributors, existing customers, and newly hired associates. Further, the timing of this proposed change was poor, considering the development stage of the US Subsidiaries. The proposed change would have resulted in a short term local gain, but would have had a detrimental impact on the growth of the US Subsidiaries in the long term. The suggested firing would also mean that support promised to service dealers, distributors and new associates could not be provided as promised, and would thus cause increased turnover in personnel.

     I HEREBY DECLARE, under penalty of perjury under the laws of the United States of America, that the foregoing is true and accurate to the best of my knowledge, information and belief.

June 29th 2007
Date

Jan Elsses

1144471.1

-2-