Court File No. 07-CV-327376PD2

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**

B E T W E E N :

**JAN EISSES**

Plaintiff

-and-

**CPL SYSTEMS CANADA, INC.**

Defendant

**RESPONSE TO DEMAND FOR PARTICULARS**

The defendant, CPL Systems Canada, Inc. ("CPL" or the "Company"), states as set out below in response to the demand for particulars of the plaintiff dated March 21, 2007, pursuant to Rule 25.10 of the *Rules of Civil Procedure*.

1.     With respect to the particulars sought in relation to paragraph 9 of the statement of defence, the particulars concerning the plaintiff's mismanagement and insubordination are within the plaintiff's knowledge.

(a)     The ways that the plaintiff mismanaged CPL include:

   (i)     his failure to control expenditures in CPL's North American operations;

   (ii)     his failure to institute appropriate controls to protect inventory in CPL's North American operations;

   (iii)     his use of Company premises, resources and staff for his personal benefit and for the benefit of his family and/or his other businesses;

   (iv)     his breaches of the Company's Authorization Table;

   (v)     his actions which placed him in a conflict of interest with CPL, including in his entering into a lease for premises in Nova Scotia with a company controlled by him on behalf of CPL without appropriate approval;

(vi)     his failure to either provide written notice to renew or seek approval to renew the lease for the Campbellville location giving rise to his claim that the lease had expired in 2004, which he first raised almost immediately following the cessation of his employment in 2007;

(vii)    his refusal to adopt a decentralized business model for North American operations and to reduce headcount as directed by Groeneveld;

(viii)   his failure to prepare and adopt a 2007 budget for the Company's North American operations within the parameters directed by Groeneveld; and

(ix)     his failure to negotiate in good faith and execute a new written employment agreement in accordance with his agreement to do so.

(b)   The ways that the plaintiff was insubordinate include but may not be limited to the matters as described in 1(a) above.

(c)   The plaintiff was insubordinate to Henk Groeneveld and Jan Bruinenberg.

(d)   The particulars relating to the dates on which the plaintiff was insubordinate with reference to the particulars above are set out below and/or within the knowledge of the plaintiff.

2.    With respect to the particulars sought in relation to paragraph 9 of the statement of defence concerning the plaintiff's failure and refusal to adopt and implement the business model directed by his superiors, CPL responds as follows:

(a)   the plaintiff was directed to implement and adopt the business model in November 2006 and in January 2007;

(b)   the plaintiff refused to implement and adopt the business model both orally and in writing in January 2007;

(c)   the plaintiff communicated his refusal to implement and adopt the business model to both Henk Groeneveld and Jan Bruinenberg; and

(e)   the particulars of the plaintiff's reasons for his failure and refusal to adopt and implement the business model are known to the plaintiff.

3.    With respect to the particulars sought in relation to paragraph 10 of the statement of defence concerning the directives the plaintiff refused to follow, CPL responds as follows:

(a)     the "directives" refer to the business model and the budget parameters presented to the plaintiff by Groeneveld in November 2006 and in January 2007, which included the requirement to prepare and implement a plan to reduce headcount; and

(b)     further particulars with respect to these directives are set out in paragraph 1 above, in paragraphs 23, 24 and 25 of the statement of defence and are within the knowledge of the plaintiff, or in the alternative, are unnecessary to enable him to reply to the statement of defence.

4.      With respect to the particulars sought in relation to paragraphs 10, 13, and 26 of the statement of defence concerning the plaintiff's demands, requests and taunts, such particulars are within the knowledge of the plaintiff, but include the statements made to Henk Groeneveld and Jan Bruinenberg in a meeting that took place in early January 2007, and plaintiff's email to Mr. Groeneveld and Mr. Bruinenberg dated January 16, 2007.

5.      The particulars sought in relation to paragraph 13 of the statement of defence concerning the plaintiff's behaviour are within the knowledge of the plaintiff, but include the events discussed in paragraphs 1 through 4 above.

6.      With respect to the particulars sought in relation to paragraph 19 of the statement of defence concerning the agreement to negotiate a new written employment agreement in 2004, CPL responds as follows:

(a)     that agreement was first reached in 2003 and is set forth in writing in the Share Purchase Agreement dated June 22, 2004, to which the plaintiff is a party;

(b)     the agreement was both oral and in writing;

(c)     the plaintiff has knowledge regarding to whom he expressed his agreement, and the 2004 Share Purchase Agreement expressly refers to the negotiation of a new employment agreement;

(d)     what the duty to negotiate in good faith entails is a legal issue and is not a proper question for a demand for particulars; and

- 4 -

> (e)     the particulars of discussions regarding the terms of the new employment agreement are set out with sufficient particularity in paragraph 20 of the statement of defence.

7.     With respect to the particulars sought in relation to paragraph 25 of the statement of defence concerning the plaintiff ignoring and disregarding the instructions he received, the particulars are set out in paragraphs 2 and 3 above.

8.     With respect to the particulars sought in relation to paragraph 25 of the statement of defence concerning the business plan, the particulars are set out in paragraphs 2 and 3 above.  Other particulars with respect to the business plan have been provided in CPL's response to the plaintiff's request to inspect documents.

9.     With respect to the particulars sought in relation to paragraph 31 of the statement of defence concerning the plaintiff's misconduct in breach of his fiduciary and other obligations, the instances of the plaintiff's misconduct and breach of fiduciary and other duties of which the Company is presently aware are set out in paragraphs 1 through 3 above.  "Other obligations" refers to the duty of loyalty, and contractual and common law duties owed by the plaintiff to the Company.  Further particulars regarding the dates of the plaintiff's misconduct and the breach of his fiduciary and other duties and the discovery of same by the Company are either within the plaintiff's knowledge or unnecessary for the purpose of preparing a reply to the statement of defence.

10.     With respect to the particulars sought in relation to the second and third sentences of paragraph 31 of the statement of defence, CPL states as follows:

> (a)     the plaintiff failed to exercise the care and diligence required of a senior executive by engaging in the conduct described in paragraph 1 above, paragraph 11 below and paragraph 32 of the statement of defence, and the reference to his behaviour in the statement of defence also refers to such conduct;

> (b)     the dates on which the plaintiff engaged in such conduct are within the plaintiff's knowledge and unnecessary for the plaintiff to reply to the statement of defence; and

(c)     the standard of care and diligence required of a senior executive is a legal issue and not a proper question in a demand for particulars.

11.     With respect to the particulars sought in relation to paragraph 32 of the statement of defence, the plaintiff's personal expenses and appropriation of Company property, personnel and resources, include:

(a)     the plaintiff used CPL's phone lines for a trailer occupied by his children's nanny;

(b)     the plaintiff paid for travel for his spouse and for other personal expenses out of the Company's accounts;

(c)     the plaintiff used CPL facilities to work on personal matters related to his other businesses;

(d)     the plaintiff instructed a Company employee to perform work unrelated to CPL during CPL working hours, which was instead related to the plaintiff's other businesses;

(e)     the plaintiff instructed a Company employee in Nova Scotia to perform rent collection and other work related to the plaintiff's other businesses during that employee's CPL working hours;

(f)     the plaintiff had a CPL high speed internet line routed to his home and obtained automobile insurance for a number of personal motor vehicles through CPL's corporate group automobile insurance plan;

(g)     particulars regarding the value of the above activities will be provided prior to trial; and

(h)     the other particulars sought in relation to the plaintiff's personal expenses and appropriation of Company property, personnel and resources are within the plaintiff's knowledge or are unnecessary for the purpose of replying to the statement of defence.

12.    With respect to the particulars sought in relation to paragraph 32 of the statement of defence concerning the plaintiff's appropriation of the Company's property, personnel and resources, CPL's response is as set out in paragraph 11 above.

13.    With respect to the particulars sought in relation to paragraph 33 of the statement of defence concerning the plaintiff's own comments, such particulars are clearly within the knowledge of the plaintiff.

14.    With respect to the particulars sought in relation to paragraph 34 of the statement of defence, "self-dealing" refers to the conduct described in the statement of defence and in paragraphs 1(a)(iii) and (v) and 11 above.

15.    With respect to the particulars sought in relation to paragraph 34 of the statement of defence concerning the plaintiff's failure to obtain approval and authorization and the policies and directions which he ignored, CPL states as follows:

     (a)    the approach for obtaining approvals and authorizations and the actions which required approval and authorization are contained in the Authorization Table, and/or were communicated to the plaintiff by Mr. Groeneveld or Mr. Bruinenberg;

     (b)    the policies and directions were communicated to the plaintiff as part of the Company's established practices;

     (c)    the plaintiff has knowledge of the required approvals and authorizations and how and when they were communicated to him; and

     (d)    the actions that he undertook without approval and authorization and the way in which the plaintiff ignored the Company's policies and practices are set out in paragraphs 1, 2 and 11 above, and the dates upon which he took such actions are within the plaintiff's knowledge.

16.    The response to the request for the particulars sought in relation to paragraph 37 of the statement of defence concerning the plaintiff's insubordination and misconduct is set out with sufficient particularity above and in the statement of defence.

17.     With respect to the demand for particulars sought in relation to paragraph 39 of the statement of defence concerning the plaintiff's bonus plan, CPL states that "terms and conditions" of the bonus plan in that paragraph refers to section 8 of the bonus plan.

May 3, 2007                         **BLAKE, CASSELS & GRAYDON LLP**
                                    Barristers & Solicitors
                                    Box 25, Commerce Court West
                                    Toronto, Ontario  M5L 1A9

                                    Andrea York LSUC#: 40728G
                                    Tel: (416) 863- 5263
                                    Fax: (416) 863-2653

                                    Solicitors for the Defendant


TO:           **TEPLITSKY COLSON LLP**
              Barristers
              Suite 200, 70 Bond Street
              Toronto, ON M5B 1X3

              Robert L. Colson LSUC#: 18717O
              David Greenwood LSUC#: 46888D
              Tel: (416) 365-9320
              Fax: (416) 365-7702

              Solicitors for the Plaintiff

Court File No: 07-CV-327376PD2

JAN EISSES    and    CPL SYSTEMS CANADA, INC.
Plaintiff                 Defendant

*ONTARIO*
SUPERIOR COURT OF JUSTICE

Proceeding commenced at Toronto

RESPONSE TO DEMAND
FOR PARTICULARS

BLAKE, CASSELS & GRAYDON LLP
Barristers & Solicitors
Box 25, Commerce Court West
Toronto, Ontario M5L 1A9

Andrea York LSUC#: 40728G
Tel: (416) 863- 5263
Fax: (416) 863-2653

Solicitors for the Defendant

Served on Fax: (416) 365-7702