## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| GROENEVELD TRANSPORT EFFICIENCY, INC., *et al.*, | ) ) ) | CASE NO. 1:07-CV-1298 |
| Plaintiffs, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) ) | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY** |
| JAN EISSES, | ) ) | **PROCEEDINGS** |
| Defendant. | ) ) | |

### I. INTRODUCTION

Defendant Jan Eisses ("Eisses") seeks an order dismissing or staying this action, asserting the international abstention doctrine. International abstention is a comity doctrine used in extraordinary circumstances to stay a District Court action if the same case is already pending in a foreign court system. It is not the Plaintiffs in this action that must articulate a justification for the exercise of jurisdiction, but rather, Eisses must prove the exceptional circumstances that justify the surrender of that jurisdiction.

Eisses asserts that the Canadian Action (defined below) is the same case as this action. Eisses' assertion is beyond overreaching. Below, we methodically compare and contrast the Canadian Action and this action. From even a cursory review of the comparison it is impossible to reach a conclusion other than that the two actions are completely distinct and wholly dissimilar. The adverse parties are not the same; the causes of action are not the same; the conduct at issue is not the same; and the relief sought is not the same; the only thing that is the same is that Eisses is a party to both actions (plaintiff in the Canadian Action and defendant in

this action). The international abstention doctrine has no application here and this Court should

deny Eisses' Motion to dismiss or stay this action (Docket No. 12 [the "Motion"]).[1]

## II. <u>FACTS</u>

On February 8, 2007, Eisses filed a Statement of Claim against CPL Systems Canada,

Inc. ("CPL") in the Ontario, Canada, Superior Court of Justice (the "Canadian Action").

(Statement of Claim, generally, Docket No. 12-2 [the "Statement of Claim"].)  Eisses' Statement

of Claim alleges recovery against CPL for: (1) declaratory judgment that Eisses was

constructively dismissed by CPL, (2) breach by CPL of Eisses' employment contract, and (3)

common law damages for CPL's alleged failure to provide Eisses with the proper advance notice

of his termination from CPL together with costs, interest, and expenses.  (<u>Id.</u>)

On March 14, 2007, CPL filed a Statement of Defence to Eisses' Statement of Claim.

(Statement of Defence, p. 1 ¶ 5 and generally, Docket No. 12-3 [the "Statement of Defence"].)

CPL did not file any counterclaims.  (<u>Id.</u>)  CPL included in its Statement of Defence a number of

affirmative defenses including that Eisses voluntarily resigned his position with CPL and a set-

off claim based on Eisses' breaches of duties owed CPL.

CPL is an Ontario corporation that does business in Canada. (<i>See</i> Statement of Claim,

p. 4 ¶ 4 ["At all material times, CPL acted as the Canadian distributor for automatic greasing

systems and parts"] and Statement of Defence, pp. 1-2, ¶ 5 ["CPL is a company incorporated

under the laws of Ontario.  Among other things, the Company distributes, installs and services

automatic lubrication systems and parts throughout Canada"].)

The acts and omissions alleged by Eisses in his Statement of Claim, and the acts and

omissions alleged by CPL in its Statement of Defence, were all taken in Canada, in relation to

---

[1] Jurisdiction and venue in this Court are proper, and Eisses does not argue otherwise in his Motion.

Eisses's employment with CPL, an Ontario corporation doing business in Canada.  (Id., p. 8, ¶ 33, emphasis added.)

On May 3, 2007 Plaintiffs Groeneveld Pacific West, Inc. ("Groeneveld Pacific"), Groeneveld Atlantic South, Inc. ("Groeneveld Atlantic"), and Groeneveld Transport Efficiency, Inc. ("Groeneveld Transport") (Groeneveld Pacific, Groeneveld Atlantic, and Groeneveld Transport, collectively, the "Plaintiffs") filed the present action against Eisses for statutory and common law breaches of fiduciary duty that Eisses owed as an officer and director of those three entities.  (Complaint, ¶¶ 8-51, Docket No. 1 [the "Complaint"].)  On June 27, 2007, Eisses filed an Answer in this action and no counterclaims.  (Answer, generally; Docket No. 11 [the "Answer"].)

The Complaint in this action sets out in detail the grounds for the Plaintiffs' claims, which are incorporated as if fully rewritten herein.  (*See* Complaint ¶¶ 8-21.)  In short, the present action seeks recovery for Eisses' Ohio statutory and common law breaches of fiduciary duty in his performing duties for the three Ohio Plaintiffs.  (Id.)

Eisses' Motion (Docket No. 12) argues that concerns of comity favor the recognition of the pending Canadian Action, which has yet to reach final judgment, and that proper deference to that proceeding requires abstention by this Court.[2]  (*See* Eisses' Motion, p. 7.)

The Canadian Action and this action are wholly independent, and no findings of fact, conclusions of law, or orders in either action will have any affect whatsoever on those issued in

---

[2] Eisses' suggestion that the Plaintiffs filed this action in retaliation for the Canadian Action merits only this footnote.  Eisses is throwing mud to deflect attention away from his multiple breaches of duty at issue in this case.  It is not retaliation for the Plaintiffs to bring a well-grounded action to recover the millions of dollars in damages caused by Eisses; moreover, the issue is not relevant to the determination of whether the abstention doctrine applies here.

the other action. The two cases deal with different parties, issues, and damages.[3] Moreover,

there are no judicial economies or avoidance of piecemeal litigation that could be achieved as a

result of staying or dismissing this case.

## III. LAW AND ARGUMENT

### A.    The International Abstention Doctrine in General

Abstention is a rarely invoked doctrine. Moses H. Cone Memorial Hosp. v. Mercury

Constr. Co., 460 U.S. 1, 14, 74 L. Ed 2d 765, 103 S. Ct. 927 (1983) ("Abstention from the

exercise of federal jurisdiction is the exception, not the rule"); Ortega v. Conover & Company

Communications, 221 F.3d 1262 (11th Cir. 2000) (Abstention is not to be undertaken lightly");

B.P. Chemicals Limited v. Jiangsu Sopo Corporation, 429 F. Supp. 2d 1179, 1184 ("In deciding

whether to apply the doctrine of international abstention, generally, parallel proceedings on the

same claims should be allowed to proceed simultaneously").[4] Some federal jurisdictions do not

even formally recognize the doctrine of international abstention. See, e.g., Sabre, Inc. v. Air

Canada, Inc., 2002 U.S. Dist. LEXIS 23697 (N.D. Tex Dec. 9, 2002) (held: the Fifth Circuit does

---

[3] The corporate parties share a common parent company, Groeneveld Transport
Efficiency International Holding B.V., which is not a party in either of the actions.

[4] See also Neuchatel Swiss Gen Ins. Co. v. Lufthansa Airlines, 925 F.2d 1193, 1194-95
(9th Cir. 1991) ("Absent 'exceptional circumstances,' federal courts have an obligation to
exercise their jurisdiction concurrently with other courts."); Balcom v. Rosenthal & Co., 1997
U.S. Dist. LEXIS 20842 (N.D. Ill. Jan 2, 1998) (denying stay despite parallel British action
where parties were not substantially the same); General Motors Corp. v. Ignacio Lpez de
Arriortua, 948 F. Supp. 656, 669 (E.D. Mich. 1996) (declining to stay federal action despite a
pending proceeding in Germany); Royal and Sun Alliance Insurance Company of Canada v.
Century International Arms, Inc., 466 F.3d 88, 93 (2d Cir. 2006) (held: "the mere existence of an
adequate parallel action, by itself, does not justify the dismissal of a case on grounds of
international comity abstention"); Laker Airways Ltd. v. Sabena, Belgian World Airlines, 235
U.S. App. D.C. 207, 731 F. 2d 909, 926-27 (D.C. Cir. 1984) ("[P]arallel proceedings on the same
in personam claim should ordinarily be allowed to proceed simultaneously, at least until a
judgment is reached in one which can be pled as res judicata in the other."); China Trade & Dev.
v. M.V. Choong Yon, 837 F.2d 33, 36 (2d Cir. 1987) (same); Ortega, 221 F.3d 1262, 1265
("[C]ourts regularly permit parallel proceedings in an American court and a foreign court.").

not formally recognize the doctrine of international abstention, and the magistrate judge recommended denial of a defendant's motion to stay a federal case on comity grounds based on allegedly parallel proceedings in Canada).

Eisses has cited no case from a court in the Sixth Circuit actually applying the doctrine of international abstention to dismiss or stay federal proceedings based on parallel foreign proceedings.[5]  Even if the Sixth Circuit did recognize the doctrine, traditionally, federal courts have shown reluctance to decline jurisdiction in the face of a "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."  Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 817, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976) ("the federal courts have an obligation to exercise the jurisdiction given them."); Linear Products, Inc. v. Marotech, Inc., 189 F. Supp. 2d 461, 464 (W.D. Va 2002) (finding that international abstention was not warranted because no single document governed the issues to be litigated in a Canadian Action as compared to the domestic case); see also Moses H. Cone Mem'l Hosp., 460 U.S. at 14-16 ("the decision whether to dismiss a federal action because of parallel...litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."

It is well settled that a court's exercise of jurisdiction granted it should be avoided in only a few "extraordinary and narrow" circumstances.  Colorado River, 424 U.S. at 817-818.  The task of a district court evaluating a request for dismissal based on a parallel foreign proceeding is **_not_** to articulate a justification for the exercise of jurisdiction, but rather, Eisses must prove the exceptional circumstances that justify the surrender of that jurisdiction.  Moses H. Cone Mem'l Hosp., 460 U.S. at 25-26; see also Colordo River, 424 U.S. at 813.  The party seeking to have a

_____

[5] The only sixth circuit cases cited by Eisses relate to federal-state abstention issues.

case dismissed on the doctrine of international abstention bears the burden of meeting this lofty standard. *See, e.g.,* United Feature Syndicate, Inc. v. Miller Features Sydicate, Inc., 216 F. Supp. 2d 198, 212 (S.D. NY 2002).

Moreover, "[e]ven where the doctrine [of international abstention] applies, it is not an imperative obligation, but a matter of discretion." Williams Exports v. ATL Shipping Limited, 475 F. Supp. 2d 275, 285 (S.D. NY 2006).  Indeed, some federal courts have found that dismissal of a case based on the international abstention doctrine is never appropriate where, as here, the plaintiff seeks monetary relief rather than equitable or discretionary relief. *See, e.g.,* B.P. Chemicals Limited, 429 F. Supp. 2d 1179.

Under the abstention analysis set forth in Colorado River Water Conserv. Dist., 424 U.S. 800, the analysis begins with an inquiry into whether concurrent foreign and federal actions are essentially "parallel." *See also* American Tank Transport, Inc. v. First People's Community Fed'l Credit Union, 86 F.3d 1148 n.3 (4th Cir. 1996) (there must be parallel litigation to invoke abstention).  "A suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." Beres v. Village of Huntley, Ill., 824 F. Supp. 763, 767 (N.D. Ill. 1992).

**B.**  **The Canadian Action is Not a "Parallel" Proceeding**

For numerous reasons, there are no parallel proceedings to this action.  Even a cursory review of the Canadian Action and this case show that they are completely dissimilar.  (*Compare* Statement of Claim and Statement of Defence *with* Complaint and Answer, generally.)  First, none of the parties adverse to Eisses in the two cases are the same.  Eisses himself admits that the parties adverse to him in the Canadian Action and the present case "are not identical."  (Motion at p. 3.)  What Eisses fails to mention is that *__none of the plaintiffs in this case are parties in the__ __Canadian Action__*.  The following chart shows the parties in each case:

| Parties Adverse to Eisses in The Canadian Action | Parties Adverse to Eisses in This Case |
|---|---|
| • CPL, an Ontario corporation (Statement of Claim.) | • Groeneveld Pacific, an Ohio corporation (Complaint, pp. 1-2.)<br><br>• Groeneveld Atlantic, an Ohio corporation (Id.)<br><br>• Groeneveld Transport, an Ohio corporation (Id.) |

Absent a single common party adverse to Eisses in the two actions, it is axiomatic that this case and the Canadian Action are *__not__* parallel.  *See, e.g.,* Ludgate Ins. Company Limited v. Becker, 906 F. Supp. 1233 (N.D. Ill. 1995) (finding that a foreign case was not parallel with the domestic case despite the fact that they both dealt with a common "communications agreement" because none of the parties named in the foreign action were parties in the domestic action); Mujica v. Occidental Petroleum Corp., 381 F. Supp. 2d 1134, 1158 (C.D. Cal. 2005) (proceedings were not parallel for purposes of the international abstention doctrine where the Columbian proceeding would not resolve the domestic action since the defendant was not a party

in the foreign action ); *see also* <u>Williams Exports v. ATL Shipping Limited</u>, 475 F. Supp. 2d 275

(S.D. NY 2006) *citing* <u>Royal & Sun Alliance Ins. Co. of Can.</u>, 2006 U.S. App. LEXIS 25350, at

*14 ("litigation is not considered parallel for purposes of international comity abstention unless

the parties are substantially the same").  The parties adverse to Eisses in the Canadian Action and

this action are not the same, and the actions are not parallel for purposes of the international

abstention doctrine.

Second, the causes of action in the two cases are completely unrelated.  The following

chart summarizes the causes of action in each case:

| Claims in The Canadian Action | Claims in This Case |
|---|---|
| • Declaratory judgment that Eisses was constructively dismissed by CPL under Canadian law (Statement of Claim, p. 3.)<br><br>• Breach of a Canadian employment contract asserted by Eisses against CPL (<u>Id.</u>)<br><br>• A claim by Eisses to a right to damages under Canada's common law for CPL's alleged failure to provide the required advance notice of termination of Eisses' employment (<u>Id.</u>) | • Count One: Breach of duties Eisses owed Groeneveld Atlantic pursuant to Ohio Rev. Code § 1701.39 (Complaint ¶¶ 22-26.)<br><br>• Count Two: Breach of duties Eisses owed Groeneveld Transport pursuant to Ohio Rev. Code § 1701.39 (<u>Id.</u> ¶¶ 27-31.)<br><br>• Count Three: Breach of duties Eisses owed Groeneveld Pacific pursuant to Ohio Rev. Code § 1701.39 (<u>Id.</u> ¶¶ 32-36.)<br><br>• Count Four: Breach of fiduciary duties Eisses owed Groeneveld Atlantic (<u>Id.</u> ¶¶ 37-41.)<br><br>• Count Five: Breach of fiduciary duties Eisses owed Groeneveld Transport (<u>Id.</u> ¶¶ 42-46.)<br><br>• Count Six: Breach of fiduciary duties Eisses owed Groeneveld Pacific (<u>Id.</u> ¶¶ 47-51.) |

This action and the Canadian Action cannot be parallel because they involve wholly

different causes of action.  *See, e.g.,* <u>Dole Food Company, Inc. v. Gutierrez</u>, 2004 U.S. Dist.

LEXIS 28429 (C.D. Cal. July 13, 2004) (finding that the international abstention doctrine could

not apply to seven of the plaintiff's eight claims because those causes of action were not pending in a foreign court); *see also* <u>Sabre</u>, 2002 U.S. Dist. LEXIS 23697, at *22 (*held:* a Canadian action that primarily involved the interpretation of Canadian CRS Regulations had dubious application to a plaintiff's breach of contract claim and the district court was not inclined to abstain from its virtually unflagging obligation to exercise jurisdiction conferred by congress).

The issues in the Canadian Action and this action are completely different.  Eisses goes to great length to find commonality in the issues (which still would not support abstention) based on CPL's set-off defense in the Canadian Action; however, Eisses either misconstrues the defense, or intentionally attempts to contrive similarities.  The following chart summarizes the main issues in CPL's set-off affirmative defense on the one hand and Groeneveld Transport, Groeneveld Atlantic, and Groeneveld Pacific's claims on the other hand and shows the fallacy of Eisses' argument that the two cases are substantially similar:

| **Conduct At The Center of CPL's Set-Off Affirmative Defense** | **Conduct At Center of Groeneveld Pacific, Groeneveld Atlantic, or Groeneveld Transport's Claims** |
|---|---|
| • Eisses conduct as President of CPL, a Canadian corporation doing business in Canada. (Statement of Claim, p. 4, ¶ 6 and p. 9, ¶ 24; Statement of Defence, p. 2 ¶ 8, p. 4 ¶ 15.)<br><br>• Eisses' decision to leave his employment with CPL effective January 28, 2007. (Id.)<br><br>• Eisses' charging of personal expenses to CPL. (Statement of Defence, p. 8, ¶ 32.)<br><br>• Eisses' misappropriation of CPL property that was located in Canada. (Id.)<br><br>• Eisses' acting on behalf of CPL in Canada without its approval, including in self interested transactions. (Id.) | • Eisses conduct as a director and officer of Groeneveld Pacific, Groeneveld Atlantic, and Groeneveld Transport – U.S. corporations doing business in the United States. (Complaint ¶¶ 10, 13-16.)<br><br>• Eisses' failure and refusal to collect past due and unpaid trade debts due Groeneveld Atlantic; causing or allowing Groeneveld Atlantic to enter into transactions unfavorable to the company, allowing use of company resources for an insider's business venture, and allowing the loss of significant inventory at Groeneveld Atlantic; and failure and refusal to terminate dishonest Groeneveld Atlantic employees. (Id. ¶ 18.)<br><br>• Allowing losses of significant inventory from Groeneveld Transport. (Id. ¶ 20.)<br><br>• Significant losses of US business and opportunities as a result of refusal to follow company policies and directives. (Id. ¶ 14.) |

The Canadian Action is primarily an action by Eisses for declaratory judgment and damages under Canadian law based on his alleged employment rights related to his former employment with CPL.  (Statement of Claim, pp. 3-7).  CPL's set-off defense relates solely to damages that Eisses caused to CPL under Canadian law, which actions and omissions occurred in Canada, and have nothing to do with the Plaintiffs in this action.  (Statement of Defence, p. 8 ¶ 33.)  On the other hand, this action concerns claims by Groeneveld Pacific, Groeneveld Atlantic, and Groeneveld Transport for monetary damages against Eisses based on his breach of Ohio statutory and common law fiduciary duties that he owed to the three entities as an officer and director of those entities.  The claims in this action have nothing to do with CPL.

None of the issues in the Canadian Action have any impact on this case. Groeneveld Pacific, Groeneveld Atlantic, and Groeneveld Transport are not parties to the Canadian Action and it is unquestionable that the Canadian Action cannot be binding on them in any respect. There is no likelihood that the Canadian Action will resolve the claims at issue here. Ludgate Ins. Company Limited, 906 F. Supp. at 1242 ("In the absence of such a probability, abstention is improper"). Moreover, the evidence, witnesses, and documents that Groeneveld Pacific, Groeneveld Atlantic, and Groeneveld Transport will present in support of their claims in this action are located in the United States (Declaration of Joanne Skuhrovec ["Skuhrovec Decl."] ¶ 11, attached hereto as Exhibit A), and have nothing to do with the Canadian Action.

To the extent that CPL is successful in asserting a set-off affirmative defense to limit any liability that it may have in the Canadian Action, it has no bearing on whether Eisses separately breached duties he owed, as a director and officer, to Groeneveld Pacific, Groeneveld Atlantic, or Groeneveld Transport and has no impact on the damages in this action. Again, Groeneveld Pacific, Groeneveld Atlantic, and Groeneveld Transport are separate and distinct entities from CPL and are seeking damages in this case to address distinct damages they separately suffered at the hands of Eisses. Groeneveld Pacific, Groeneveld Atlantic, and Groeneveld Transport are not seeking -- nor would they be entitled to seek – damages for harm caused by Eisses to CPL.

**C.    The Requisite Factors to Support Abstention are Lacking.**

In weighing the considerations for and against abstention, a court's "heavy obligation to exercise jurisdiction" exists regardless of what factors are present on the other side of the balance. Royal and Sun Alliance Insurance Company of Canada, 466 F.3d at 93. The factors relevant to determining whether to apply the doctrine of international abstention include: (1) the similarity of the parties, (2) the similarity of the issues, (3) the order in which the actions were filed, (4) adequacy of the alternative forum, (5) the potential prejudice to either party, (6) the

11

convenience of the parties, (7) the connection between the litigation and the United States, and (8) the connection between the litigation and the foreign jurisdiction.  Id. at 94; *see also* Sabre v. Air Canada, Inc., 2002 U.S. Dist. LEXIS 23697, at *21.

Here, in addition to the already heavy obligation that exists for the Court to exercise jurisdiction granted to it (Royal and Sun Alliance Insurance Company of Canada, 466 F.3d at 93) the balance of the factors that courts consider in deciding whether to apply the international abstention doctrine weigh heavily in favor of this Court refusing to dismiss or stay this case.

The first and second factors – the similarity of the parties and issues – was addressed above in section III. B. of this brief, *supra*.  Simply put, there are no similar parties or issues. The fact that there is not a single common party adverse to Eisses in the two actions, despite Eisses' attempts to engage in legal gymnastics to create such a relationship, clearly shows that this factor weighs heavily in favor of denying Eisses' motion to dismiss or stay this case.

The third factor – the order in which the actions were filed – does not strongly weigh in favor of either party because, while the Canadian Action was filed shortly before this case, the Canadian Action has not advanced significantly further than this case – both cases are early in the proceedings.  The only thing that dismissing or staying this case would result in is needless delay in the resolution of the claims here.

With respect to the fourth factor – adequacy of the alternate forum – the balance is again strongly in favor of Groeneveld Pacific, Groeneveld Atlantic, and Groeneveld Transport. Canada is not an adequate alternate forum because a Canadian Court could never have personal jurisdiction over Groeneveld Pacific, Groeneveld Atlantic, and Groeneveld Transport – all U.S. entities that solely do business in the United States.  Canada has no interest in deciding the claims here because all of the alleged actions and omissions at the center of this case occurred in

the United States. A United States court is much better equipped to apply and decide its own law. *Cf.* BP Chems., Ltd. v. Jiangsu Sopo Corp. Ltd., 429 F. Supp. 2d 1179, 1185 (D. Mo. 2006) (just because a foreign court may resolve a matter more expeditiously does not make it the more adequate and appropriate forum).

The fifth factor – prejudice to either party – also strongly favors Groeneveld Pacific, Groeneveld Atlantic, and Groeneveld Transport. There would be no unfair prejudice to Eisses by requiring him to appear before a United States Court to defend against the claims here. He was an officer and director of Ohio corporations, and engaged in improper actions and omissions in the United States (Complaint ¶¶ 8-21) and could reasonably expect to be required to defend an action here. Staying or dismissing this action would deny the Plaintiffs' their right to have their injuries redressed, and even if they could refile in Canada (and it is certainly not clear that it is even possible) Groeneveld Pacific, Groeneveld Atlantic, and Groeneveld Transport have not conducted any business in Canada and requiring them to transfer their case to Canada would be patently unfair. At a minimum, this would cause needless delay in the resolution of their claims and could result in them being forced to have their claims decided in Canada even though it has no nexus to this case. (Complaint ¶¶ 6 and 10-21; Skuhrovec Decl. ¶ 7.)

The sixth factor – the convenience of the parties – also favors Groeneveld Pacific, Groeneveld Atlantic, and Groeneveld Transport. Groeneveld Pacific, Groeneveld Atlantic, and Groeneveld Transport are all U.S. entities. (Skuhrovec Decl. ¶ 6.) The witnesses, evidence, and documents that Groeneveld Pacific, Groeneveld Atlantic, and Groeneveld Transport plan to introduce in support of their claims are all located in the United States. (Skuhrovec Decl. ¶ 11.) It would greatly inconvenience the three plaintiffs in this case to travel to Canada to have this dispute resolved there.

The seventh and eighth factors – the connection of the litigation to the foreign and domestic cases – also strongly favor Groeneveld Pacific, Groeneveld Atlantic, and Groeneveld Transport.  Again, the alleged actions and omissions of Eisses at the center of this case all occurred in the United States.  (Complaint ¶¶ 6, and 10-21).  Canada has no relationship to this dispute other than the fact that Eisses now resides there.  Eisses desire to obtain a home court advantage by having this case resolved before a Canadian court is not a legitimate basis for the application of the international abstention doctrine.

Some federal courts have also "added to the consideration of the dismissal criteria a general rule that federal courts should assume jurisdiction in parallel proceedings until a judgment is reached in one court."  Turner Enter. Co. v . Degeto Film GmbH, 25 F.3d 1512, 1518, n. 9 (11th Cir. 1994).  This factor would also strongly favor this Court denying Eisses' Motion because no formal judgment has been reached in the Canadian Action – although, frankly, because there are no issues or facts in common among the Canadian Action and this case, a judgment in either case would provide no *res judicata* or collateral estoppel defense in the case that is the last to be decided.

In light of the foregoing, all of the factors that Courts consider in determining whether to dismiss or stay a case based on the international abstention doctrine favor this Court retaining jurisdiction over this matter.  Therefore, Groeneveld Pacific, Groeneveld Atlantic, and Groeneveld Transport respectfully request that the Court deny Eisses' Motion to dismiss or stay the case based on the international abstention doctrine.

## V.    CONCLUSION

For all the above reasons, the Court must deny Eisses' Motion to dismiss or stay this proceeding based on the international abstention doctrine.

Respectfully submitted,


/s/ David A. Kunselman
DREW A. CARSON (0037641)
JAY R. FAEGES (0055492)
DAVID A. KUNSELMAN (0073980)
MILLER GOLER FAEGES LLP
100 Erieview Plaza, 27th Floor
Cleveland, OH 44114-1835
(ph.) 216-696-3366 • (fax) 216-363-5835
Carson@MillerGolerFaeges.com
Faeges@MillerGolerFaeges.com
Kunselman@MillerGolerFaeges.com

**Counsel for Plaintiffs**
**Groeneveld Transport Efficiency, Inc.,**
**Groeneveld Pacific West, Inc.,**
**and Groeneveld Atlantic South, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 6, 2007, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

Respectfully submitted,

*/s/ David A. Kunselman*
DAVID A. KUNSELMAN