# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GROENEVELD TRANSPORT EFFICIENCY, INC., *et al.* | ) ) ) | CASE NO. 1:07-cv-1298 |
| Plaintiffs | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) ) | **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR TO STAY ACTION** |
| JAN EISSES | ) ) ) | **PENDING OUTCOME OF PARALLEL PROCEEDINGS IN** |
| Defendant | ) | **ONTARIO, CANADA** |

Defendant Jan Eisses ("Mr. Eisses") submits this Reply in response to Plaintiff's[1] opposition to Mr. Eisses' Motion for an order dismissing or staying the instant case pursuant to the doctrine of international abstention. Notably, Groeneveld does not challenge the fact that this Court is empowered with the discretion to dismiss or stay this action under the doctrine of international abstention, where, as here, there is a parallel suit existing in a foreign jurisdiction. Indeed, there is no real debate that the test articulated by the U.S. Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) and adopted by the Sixth Circuit in *Bates v. Van Buren Township*, 2004 US App. LEXIS 25090, *9 (6th Cir. 2004) is applicable. Instead, Groeneveld argues that the Canadian action is not "parallel enough." But, as Mr. Eisses demonstrated in is Motion, (1) this case **is** highly parallel to the Canadian Action because they both arise out of Mr. Eisses' role in Groeneveld-CPL and Groeneveld's US

---

[1] As described in Section 2(A) of Mr. Eisses' Motion, the three named plaintiffs herein are Groeneveld Transport Efficiency International Holding B.V.'s United States subsidiaries. Specifically, they are Groeneveld Transport Efficiency, Inc., Groeneveld Atlantic South, Inc., and Groeneveld Pacific West, Inc. These named plaintiffs are referred to collectively herein as the "US Subsidiaries". "Groeneveld" refers to Groeneveld Transport Efficiency International Holding B.V. and all of the entities that it controls, including, but not limited to, the US Subsidiaries and Groeneveld Systems Canada, Inc. ("Groeneveld-CPL").

Subsidiaries and (2) the *Colorado River* factors favor abstention. Thus, this Court should dismiss or stay these proceedings pending the outcome of the more advanced, parallel litigation in Ontario, Canada.

### A. The Canadian Action is a Parallel Proceeding

For a federal court to abstain from exercising jurisdiction, there must be parallel proceedings in another court. *See Bates v. Van Buren Township*, 2004 US App. LEXIS 25090, *9 (6th Cir. 2004). Those other proceedings "need not be identical, merely 'substantially similar.'" *Id.* at *10. Despite Groeneveld's boisterous arguments that the Canadian Action is "completely dissimilar," the pleadings, coupled with Groeneveld's own discovery responses in the Canadian Action, show otherwise. (*See* Chart on pp. 6-7 of Mr. Eisses' Motion demonstrating the similarities between the claims and defenses asserted in this action and those asserted in the Canadian Action).

Groeneveld argues that its stated causes of action in this case are different from those in the Canadian Action. Although Groeneveld did find one California district court that exercised its discretion not to apply the international abstention doctrine when the causes of action did not exactly match those pending in the foreign court, there is no Sixth Circuit support for Groeneveld's claim that two actions cannot be parallel if they involve different causes of action. In fact, rarely are the parallel proceedings at issue truly identical. Thus, the general rule is to look for "similarity" in the parties and issues. *Finova Capital Corp. v. Ryan Helicopters USA, Inc.*, 180 F. 3d 896, 900-901 (7th Cir. 1999). This rule is supported by commonsense as well, because a contrary rule would permit a party to circumvent the abstention doctrine simply by pleading around it.

And, although the parties adverse to Mr. Eisses in the two actions are technically not identical, this does not condemn Mr. Eisses' Motion as Groeneveld suggests. *Finova.*, *supra,* at 900-901 (Applying international abstention and noting that "suits are parallel if **substantially the same parties** are litigating **substantially the same issues** simultaneously in the two fora")(emphasis added). The parties here are closely related and controlled by a common parent, as each is a wholly owned subsidiary of Groeneveld. Moreover, like the Canadian Action, this Complaint was filed in response to Mr. Eisses' departure from Groeneveld-CPL on January 28, 2007. (Complaint, ¶ 12). Instead of calling it a "constructive dismissal," the Complaint instead claims that the departure was a "resignation;" but, there can be no serious dispute that both lawsuits relate to and arise out of the same events. *See Goldhammer v. Dunkin' Donuts, Inc.*, 59 F. Supp. 2d 251 (D. Mass 1999)(applying doctrine of international abstention when the claims at issue arose "from the same series of events as those underlying the English claims and counterclaims")

### B. The Requisite Factors Favor Abstention

The parties do not dispute the factors that this Court should weigh in determining whether to apply the international abstention doctrine to dismiss or stay these proceedings. Those factors are:

> (1) the similarity of the parties and issues involved in the foreign litigation; (2) the promotion of judicial efficiency; (3) adequacy of relief available in the alternative forum; (4) issues of fairness to and convenience of the parties, counsel, and witnesses; (5) the possibility of prejudice to any of the parties; and (6) the temporal sequence of the filing of the actions.

*Goldhammer, supra*, at 252-253; Plaintiff's Mem. in Opp., pp. 11-12. Nothing in Plaintiff's opposition changes the fact that these factors militate in favor of staying this action in favor of the Canadian Action.

Groeneveld concedes that the Ontario Court was the first to exercise jurisdiction.[2] *See* Mem. in Opp., p. 12.  Groeneveld glosses over the significance of this factor by suggesting that both cases are early in their proceedings.  This is misleading, however, as the Canadian action is undisputedly further along towards adjudication.  As discussed on p. 12 of Mr. Eisses' Motion, the parties have conducted discovery in the Canadian Action, including Mr. Eisses' propounding of a Demand for Particulars on March 21, 2007, and Groeneveld-CPL's response to the same on May 3, 2007.  By contrast, no discovery has taken place in this Action and the initial Case Management Conference has not yet been held.

Next, the Ontario Superior Court of Justice of Canada is an adequate forum as a matter of law.  *See, e.g., Campbell v. Bridgeview Marina, Ltd.*, 347 F. Supp. 2d 458, 465 (E.D. Mich. 2004)(in case alleging breach of contract and fraud, Canada is an adequate alternative forum); and *Penwest Development Corp. Limited v. The Dow Chemical Co.*, 667 F. Supp. 436, 439 (E.D. Mich. 1987)("Several courts have found Canada to be an adequate alternative forum, and rightly so.")  Groeneveld's argument that the Ontario forum has no nexus to this case should be rejected out of hand.  As Groeneveld well knows, Mr. Eisses operated in Ontario, and performed the vast majority of his job functions for Groeneveld-CPL and the US Subsidiaries from his offices there.

Also, despite Groeneveld's claim to the contrary, the relevant documents concerning Mr. Eisses' business decisions are located at his offices in Ontario.  (Eisses Decl., ¶ 4, attached as Exhibit A to Mr. Eisses' Motion).  Although the US Subsidiaries claim to maintain their principal places of business in Ohio, Groeneveld is located in the Netherlands, along with all senior members of its executive team who dealt with Mr. Eisses regarding his employment

---

[2] Mr. Eisses filed the Canadian action on February 8, 2007, while Groeneveld did not file this retaliatory action until three months later on May 3, 2007.

with Groeneveld-CPL and the matters underlying this dispute. (Id.)  Thus, in addition to Ontario, Canada being an adequate forum, it is also the most convenient and efficient forum in which to resolve the issues between Groeneveld and Mr. Eisses.  It is not a forum that would present any prejudice to Groeneveld, and it offers nothing which suggests otherwise.

Perhaps most importantly, dismissing or staying the present case will avoid piecemeal litigation and is in the interest of judicial economy and efficiency.  Allowing these parallel actions to both proceed would "consume a great amount of judicial . . . and party resources" and "creates the risk of inconsistent judgments." *Goldhammer, supra,* at 254.

### C. Conclusion

For the above reasons, along with those stated in Mr. Eisses' Motion, this Court should dismiss this Complaint or stay this matter pending final resolution of the Canadian Action.

Respectfully submitted,

/s/ Melissa L. Zujkowski
Michael N. Ungar (0016989)
Melissa L. Zujkowski (0078227)
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio  44113-1448
Tel:  (216) 583-7000
Fax:  (216) 583-7001
mungar@ulmer.com
mzujkowski@ulmer.com
Attorneys for Defendant Jan Eisses

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 20, 2007, a copy of the foregoing was served upon all counsel of record via this Court's electronic notification system:

      /s/ Melissa L. Zujkowski
      One of the Attorneys for Defendant
      Jan Eisses

1656753v1
32352.00000