UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GROENEVELD TRANSPORT EFFICIENCY, INC., et al., | ) ) ) | CASE NO. 1:07 CV 1298 |
| Plaintiffs. | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| JAN EISSES, | ) ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) ) | |

This matter is before the Court on Defendant's Motion to Dismiss or to Stay Action Pending Outcome of Parallel Proceedings in Ontario, Canada. (ECF #12). Defendant Jan Eisses moves to dismiss or stay this action pursuant to the international abstention doctrine because there is a pending, parallel proceeding in Ontario, Canada. Plaintiffs, Groeneveld Transport Efficiency, Inc., Groeneveld Atlantic South, Inc., and Groeneveld Pacific West, Inc., (collectively, the "US Subsidiaries"), contend that the parties to the two actions are not substantially similar and the causes of action in each are not parallel.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Eisses is an individual residing in Campbellville, Ontario. Mr. Eisses founded CPL Systems, Canada, Inc. in 1988 and sold it to Groeneveld Transport Efficiency International Holding B.V. ("Groeneveld"). After the sale, Mr. Eisses continued to be employed by Groeneveld-CPL, a wholly owned subsidiary of Groeneveld, until January, 2007. Mr. Eisses' responsibilities at Groeneveld-CPL and Groeneveld's other subsidiaries are described in the Bonus Agreement between Groeneveld-CPL and Mr. Eisses as follows:

> Eisses is employed by CPL as managing director with the co-duty

> as area manager and is as such responsible for the activities within
> the territories of Canada and the United States of America of CPL
> and its Canadian subsidiaries ... as well as Groeneveld USA
> Holding, Inc. and its US Subsidiaries....

According to Mr. Eisses. he was constructively discharged from Groeneveld-CPL on January 28. 2007 for protesting a change in direction that he believed would have hurt the long term performance of the US Subsidiaries under his management. Mr. Eisses filed a lawsuit in Ontario on February 8. 2007, protesting his constructive discharge. Groeneveld-CPL asserted various claims and defenses in response to the Mr. Eisses's claims and the parties have commenced discovery.

The action in this Court was filed by Groeneveld's US Subsidiaries against Mr. Eisses on May 3, 2007, following Mr. Eisses' "resignation" on January 28, 2007, asserting claims of breach of duties as an officer or director in violation of Ohio Rev. Code § 1701.59(B) as to all three US Subidiaries (Counts 1-3) and breach of fiduciary duties owed to the US Subsidiaries as an officer and director. (Counts 4-6).

## DISCUSSION

Mr. Eisses asks this Court to abstain from exercising jurisdiction in this action based upon the doctrine of international abstention which is an extension of the principal of state court abstention recognized by the United States Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). In *Colorado River*, the Supreme Court held that federal courts may abstain from hearing a case solely because similar pending state court litigation exists. *Colorado River*, 424 U.S. at 817; *Romine v. Compuserve Inc.*, 160 F.3d 337, 339 (6th Cir.1998). "[D]espite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.' ... considerations of

2

judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine*, 160 F.3d at 339.

Declining jurisdiction under *Colorado River* rests on considerations of "wise judicial administration" and the general principle against duplicative litigation. *Colorado River*, 424 U.S. at 817. These considerations create a narrow exception where courts may decline jurisdiction in deference to parallel state court proceedings. The threshold question in *Colorado River* abstention is whether there exists a proceeding in state court parallel to the federal court proceeding. *Romine*, 160 F.3d at 339; *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir.1984). The state court proceedings need not be identical, but merely substantially similar. *Id.* at 340; *see also Bates v. Van Buren Twp.*, 122 Fed. Appx. 803, 806 (6th Cir.2004) "There is also no requirement that the parties in the state court proceedings be identical to those in the federal case." *Bates*, 122 Fed. Appx. at 806 (citing *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir.1990)).

Courts apply the same general principles with respect to parallel proceedings in a foreign court. See *Finova Capital Corp. v. Ryan Helicopters U.S.A.*, 180 F.3d 896 (7th Cir. 1999). First the Court should determine if the federal and foreign proceedings are parallel. "Suits are parallel if substantially the same parties are litigating substantially the same issues simultaneously in two fora." *Id.* at 898 (citations omitted). Secondly, the Court must weigh the considerations for and against abstention. Courts have considered a number of factors including (1) the identity of the court that first assumed jurisdiction; (2) the relative inconvenience of the federal forum; (3) the need to avoid piecemeal litigation;

3

(4) the order in which the respective proceedings were filed; (5) whether federal or foreign law provides the rule of decision; (6) whether the foreign action protects the federal plaintiff's rights; (7) the relative progress of the federal and foreign proceedings; and (8) the vexatious or contrived nature of the federal claim. *Finova*, 180 F.3d at 898.

Mr. Eisses is the plaintiff in the foreign action and a defendant in the federal action in Cleveland. The other party in the foreign action is Groeneveld-CPL and the plaintiffs in the federal action here are the US Subsidiaries of Groeneveld. Thus, while the parties are not identical, all of the Groeneveld entities are wholly owned subsidiaries of Groeneveld in which Mr. Eisses was an officer or director. Further, both actions involve claims or defenses regarding Mr. Eisses performance of his duties as an officer or director in the Groeneveld companies. Both actions were filed after Mr. Eisses was separated from employment with Groeneveld. Accordingly, the Court finds that these are parallel actions.

Moving on to an analysis of the considerations for and against abstention, the Court finds that the factors weigh more heavily in favor of abstention. The foreign action was filed first and has progressed further than this action. Cleveland is an inconvenient forum for Mr. Eisses who resides in Campbellville, Ontario. Moreover, Mr. Eisses performed his duties for Groeneveld, including his duties relating to the U.S. Subsidiaries, in Canada. Finally, many of the Groeneveld executives involved in the conflict with Mr. Eisses reside in the Netherlands. On the whole, it appears that Cleveland is a more inconvenient forum than Ontario and the Ontario Superior Court is an adequate forum. While the Court will not call the action at bar vexatious or contrived, it is clearly related to the Canadian action in that it appears to be a club that Groeneveld is using to affect resolution of the Ontario

action. Most importantly, abstention in this case will avoid piecemeal litigation and avoid waste of judicial resources. Accordingly, this action will be stayed pending resolution of the Ontario action.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss or to Stay Action Pending Outcome of Parallel Proceedings in Ontario, Canada (ECF #12) is GRANTED and this action is STAYED. The Plaintiffs shall file a notification with this Court within two weeks of the resolution of the Ontario action and indicate whether this action should be restored to the active docket or if the issues have been fully resolved and the action dismissed.

IT IS SO ORDERED.

DATED: September 13, 2007

Judge Donald C. Nugent
UNITED STATES DISTRICT JUDGE