NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 07-4172

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

OCT 20 2008

LEONARD GREEN, Clerk

| | |
|---|---|
| GROENEVELD TRANSPORT EFFICIENCY, ET AL., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JAN EISSES <br><br> Defendant-Appellee. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |

BEFORE:   KEITH, GRIFFIN, and GIBSON,[*] Circuit Judges.

**DAMON J. KEITH, Circuit Judge.** Plaintiff corporation Groeneveld Transport Efficiency appeals the district court's stay of a breach of contract action against former employee Jan Eisses. The district court temporarily stayed the action after it found that the claim was substantially similar to a parallel action in Ontario, Canada. Because the district court's ruling was not a final order, we lack jurisdiction to hear this appeal.

## I. FACTUAL BACKGROUND

This appeal arises from a dispute between Groeneveld Transport Efficiency International Holding B.V. ("Groeneveld"), the parent company of the three named plaintiffs (collectively, "Plaintiffs"), and Jan Eisses ("Defendant"). Defendant was employed by another subsidiary of

---

[*]The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit.

Groeneveld, CPL Systems of Canada ("CPL").

On February 8, 2007, Defendant sued CPL for breach of contract and constructive dismissal in Ontario, Canada. (J.A. 53-67). In response to the claim, CPL filed a "Statement of Defence," including a claim set-off. (J.A. 68-79). In a separate filing in the United States, the U.S.-based subsidiaries of Groeneveld filed a claim against Defendant in the Northern District of Ohio, alleging that Defendant breached certain duties owed to them as an officer and director.

On September 18, 2007, the District Court for the Northern District of Ohio found that the Northern District of Ohio action and the Ontario action were parallel and granted Defendant's motion to stay the Northern District of Ohio claim under the doctrine of international abstention. The district court cited *Finova Capital Corp. v. Ryan Helicopters U.S.A. Inc.*, 180 F.3d 896 (7th Cir. 1999), which permits a district court to stay substantially similar litigation in a foreign court, and found:

> Mr. Eisses is the plaintiff in the foreign action and a defendant in the federal action in Cleveland. The other party in the foreign action is Groeneveld-CPL and the plaintiffs in the federal action are the US Subsidiaries of Groeneveld. Thus, while the parties are not identical, all of the Groeneveld entities are wholly owned subsidiaries of Groeneveld in which Mr. Eisses was an officer and director. Further, both actions involve claims or defenses regarding Mr. Eisses performance of his duties as an officer or director in the Groeneveld companies. Both actions were filed after Mr. Eisses was separated from employment with Groeneveld. Accordingly, the court finds that these are parallel actions.

*Groeneveld Transp. Efficiency, Inc. v. Eisses*, 2007 U.S. Dist. LEXIS 68965, at *5-6 (N.D. Ohio Sept. 13, 2007).

Importantly, even though the district court found that the actions were parallel, the Court left open the possibility for Plaintiffs to continue the action in the Northern District of Ohio upon the completion of the resolution of the Ontario action, stating:

2

> The Plaintiffs shall file a notification with this Court within two weeks of the resolution of the Ontario action and indicate whether this action should be fully restored to the active docket or if the issues have been fully resolved and the action dismissed.

*Id.* at *6.

On September 21, 2007, the U.S. subsidiaries appealed the Northern District of Ohio's decision to this Court.

## II. <u>DISCUSSION</u>

The United States Court of Appeals for the Sixth Circuit Rule 27(e)(1) provides that "[a]t any time a notice of appeal is filed a party may file a motion to dismiss on the ground that the appeal is not within the jurisdiction of this Court." Defendant argues that this appeal is not within this Court's jurisdiction because it is not a final appealable order.

Defendant cites 28 U.S.C. § 1291, which provides:

> The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

The parties dispute whether the decision below was a final order. Again, in reaching its conclusion, the district court stated:

> The Plaintiffs shall file a notification with this Court within two weeks of the resolution of the Ontario action and indicate whether this action should be fully restored to the active docket or if the issues have been fully resolved and the action dismissed.

*Groeneveld Transp. Efficiency, Inc.*, 2007 U.S. Dist. LEXIS 68965, *at *6*.

The question for this Court is whether Plaintiffs may appeal the district court's order, which temporarily stayed the Northern District of Ohio action based on the doctrine of international abstention. While this is an issue of first impression in the Sixth Circuit, the Eighth Circuit has decided in a very similar case that a stay based international abstention is not a final order.

In *Boushel v. Toro Co.*, 985 F.2d 406, 408 (8th Cir. 1993), the Eighth Circuit also considered a case in which civil claims (against a corporate manufacturer) were filed both in the U.S. District Court and in Canada. Just as the facts in this case, the Eighth Circuit found that "[t]he claims in the foreign and federal action overlap to a large degree, but do not overlap completely." *Id.* at 408. And just as in the instant case, in *Boushel*, "the district court took pains to make clear that it was issuing a stay of the federal action, not dismissal," and noted "that if the Boushel interests were unable to obtain complete relief in the Quebec action they are free to continue the federal action." *Id.* at 408-09. Because of the lack of complete overlap in the U.S. and foreign litigation, and because the district court explicitly contemplated the possibility for further litigation in the U.S., the Eighth Circuit found that the district court's order was not final.

The case before us is nearly identical to *Boushel*. As noted above, the district court considered the criteria established for applying the international abstention doctrine established by *Finova Capital Corp. v. Ryan Helicopters U.S.A. Inc.*, 180 F.3d 896 (7th Cir. 1999). The district court assessed whether "substantially the same parties are litigating substantially the same issues in the two fora," *id.* at 898, and then considered a number of factors including: (1) the identity of the court that first assumed jurisdiction; (2) the relative inconvenience of the federal forum; (3) the need to avoid piecemeal litigation; (4) the order in which the respective proceedings were filed; (5) whether federal

or foreign law provides the rule of decision; (6) whether the foreign action protects the federal plaintiff's rights; (7) the relative strength of the federal and foreign proceedings; and (8) the vexatious or contrived nature of the federal claim. *Id.* With regard to the first part of the test, the parallel nature of the proceedings, the district court found:

> Mr. Eisses is the plaintiff in the foreign action and a defendant in the federal action in Cleveland. The other party in the foreign action is Groeneveld-CPL and the plaintiffs in the federal action are the US Subsidiaries of Groeneveld. Thus, while the parties are not identical, all of the Groeneveld entities are wholly owned subsidiaries of Groeneveld in which Mr. Eisses was an officer and director. Further, both actions involve claims or defenses regarding Mr. Eisses performance of his duties as an officer or director in the Groeneveld companies. Both actions were filed after Mr. Eisses was separated from employment with Groeneveld. Accordingly, the court finds that these are parallel actions.

*Groeneveld Transp. Efficiency, Inc.*, 2007 U.S. Dist. LEXIS 68965, at *5-6. With regard to the second part of the test, the district court held:

> [T]he Court finds that the factors weigh more heavily in favor of abstention. The foreign action was filed first and had progressed further than this action. Cleveland is an inconvenient forum for Mr. Eisses who resides in Campbellville, Ontario. Moreover, Mr. Eisses performed his duties for Groeneveld, including his duties relating to the U.S. subsidiaries, in Canada. Finally, many of the Groeneveld executives involved in the conflict with Mr. Eisses reside in the Netherlands. On the whole, it appears that Cleveland is a more inconvenient forum than Ontario and the Ontario Superior Court is an adequate forum.

*Id.* at *6.

In issuing its ruling, the district court was not attempting to dispose of the case. Rather, recognizing the difficulty of trying a case with substantially similar parties and similar disputes in two fora, the district court decided to temporarily stay the action while the Canadian case proceeded. In fact, just as in *Boushel*, the court noted:

> The Plaintiffs shall file a notification with this Court within two weeks of the resolution of the Ontario action and indicate whether this action should be fully

restored to the active docket or if the issues have been fully resolved and the action dismissed.

*Groeneveld Transp. Efficiency, Inc.*, 2007 U.S. Dist. LEXIS 68965, *at* *6.

Because (1) it is clear that the district court based its ruling on the international abstention doctrine, finding that the foreign and federal proceedings were similar, though not identical; and (2) the district court asked the Plaintiffs to instruct the district court on whether the action should be "fully restored" in federal court after foreign resolution, the district court's stay cannot be considered a final order.

Plaintiffs contend that the district court's decision was based not on the international abstention doctrine, but on the *Colorado River* doctrine. Under the *Colorado River* doctrine, named after the Supreme Court's ruling in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), a federal court may stay a federal action in favor of a concurrent *state* proceeding. The Supreme Court has held that a stay under the *Colorado River* doctrine pending the resolution of a state court ruling "means that there would be no further litigation in the federal forum; the state court's judgment on the issue would be *res judicata*." *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 (1983) (emphasis added). In such a scenario, the stay would therefore be considered final, and the court of appeals would have jurisdiction to hear the appeal of the stay.

In this case, however, the basis for the stay was not the *Colorado River* doctrine, but the international abstention doctrine. Although in theory, the international abstention doctrine may be modeled on the *Colorado River* doctrine, the Supreme Court has never held that a stay based on international abstention is a "final ruling."

Here, much like *Boushel*, while there is substantial overlap between the American and

6

Canadian proceedings, the claims are not identical. Furthermore, unlike the state abstention context, the Ontario claims in this case will be decided under the laws of a foreign nation, and it is unclear whether Canadian rulings will have *res judicata* or collateral estoppel effect in U.S. courts. As the district court noted, the Plaintiffs in this case are invited to continue to pursue the set of claims that are not resolved by the Ontario court in the Northern District of Ohio. The stay order is temporary and "did not effectively throw the plaintiffs out of court." *Boushel*, 985 F. 2d at 410." *See also Lunde v. Helms*, 898 F. 2d 1343 (8th Cir. 1990) (denying jurisdiction when the district court contemplated further proceedings in federal court). Therefore, *Colorado River* is not controlling here, and the decision of the district court was not a final order.

Finally, this Court also lacks jurisdiction to hear Plaintiff's appeal under the collateral order doctrine. Under this doctrine, appellate courts may consider non-final district court orders if the order conclusively determines the disputed question, the order resolves an important issue completely separate from the merits of the action, and the order is effectively unreviewable on appeal from final judgment. *See Gulfstream Aerospace Corp. v. Mayacampas Corp.*, 485 U.S. 271, 276 (1988).

The facts here do not meet the collateral order doctrine because the order does not conclusively determine the disputed question and because the order is not effectively unreviewable on appeal from final judgment. First, while substantially related, the claims involved in the two cases are not identical, as Groeneveld concedes that "no result in this case could have *res judicata* or collateral estoppel effect in this action." (Final App. Br. 24-25). Second, even if the Canadian court reaches a final judgment, the district court action could still proceed because: (1) some of the claims are sufficiently distinct; and (2) the district court invited Plaintiffs to continue their action in the United States if they are not satisfied with the resolution of the Canadian court. The collateral order

7

doctrine is therefore inapposite here.

## III. CONCLUSION

Because the district court's ruling does not constitute a final order, this court lacks jurisdiction to hear Plaintiffs' appeal.